RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/28/11
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES, et al. | CIVIL CASE NO. 1:06-00600 |
| VERSUS | |
| GEORGE BLAKEMORE, et al. | MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM RULING AND ORDER

Before the court are plaintiffs' motion for leave to file a sixth amending complaint (Doc. 222) and motion for reconsideration and/or new trial (Doc. 223). Both motions were filed in response to the ruling and judgment issued on March 3, 2011 (Doc. 220) regarding competing motions for summary judgment on the issue of insurance coverage. In that ruling I granted the motion for summary judgment filed by First Financial Insurance Company (FFIC) finding that the policy at issue did not provide coverage for any of the named defendants. Accordingly, plaintiff's partial motion for summary judgment in which it sought coverage, was denied.

Under Fed.R.Civ.P. 59(e), a party may file a motion to alter or amend a judgment already entered by the Court. However, in order to prove entitlement to such relief, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-864 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The purpose of Rule 59(e) is to question to correctness of a judgment and, accordingly, "such a

motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004); see also Rosenzweig 332 F.3d at 864 (noting that a Rule 59(e) motion "cannot be used to raise argument which could, and should, have been made before the judgment is issued") (quoting Simon, 891 F.3d at 1159). Finally, we note that "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479.

Plaintiffs have neither established a manifest error of law nor fact, nor have they presented newly discovered evidence. Instead, they have articulated a profound misunderstanding of the reasons set forth in the ruling.

<u>Was Haynes Industries a Defendant</u>

Plaintiffs are correct when they state Haynes Industries, LLC was named as a defendant to this lawsuit. However, they misunderstand that Haynes Industries, LLC is not an insured under the 2004-2005 policy. The application is clear, Lee Haynes, Jr. sought insurance for a company he was starting on his own after leaving his father's business. This business was named Haynes Industries, not Haynes Industries, LLC, and it has never been named as a defendant. Even if it was named as a defendant, it would not be found liable for damages sustained as a result of the fire because it did not exist and, therefore, was not involved with the

2

work at Rifle Point.

Any contention by plaintiffs that Haynes Industries, LLC was the intended named insured is without merit. The only way by which the named insured may be changed from Haynes Industries to Haynes Industries, LLC is through reformation. Plaintiffs do not have standing to seek reformation and, even if they did, they have not and cannot produce evidence of mutual mistake. The Commercial Insurance Application which was signed by Lee Haynes, Jr. sought coverage for an individual business as "this is the son of another [i]nsulation company and he is going out on his own." FFIC quoted a policy based upon that representation and denies that it ever sought to insure an LLC.

Was HI Insulation a d/b/a/ of Lee Haynes, Jr.

Plaintiffs cite numerous parts of the record attempting to establish that HI Insulation was a d/b/a of Lee Haynes, Jr. If anything, the evidence cited only bolsters the finding that HI Insulation was not a d/b/a of Lee Haynes, Jr.

Plaintiffs show via testimony from both Lee Haynes, Sr. and Jr. that HI Insulation was at one time a d/b/a of Haynes Investments, LLC, at one time a d/b/a of Haynes Industries, LLC and may have even been a d/b/a of a father and son partnership. However, none of the evidence establishes that HI Insulation was a d/b/a of Lee Haynes, Jr. personally.

Because HI Insulation was either a d/b/a of an LLC or

3

partnership, coverage is precluded by the 2004-2005 policy. Further, because Lee Haynes, Jr. never operated it as his single business enterprise, Lee Haynes, Jr. is not afforded coverage.

Did FFIC intend to insure the same businesses

Plaintiffs assert a common sense argument that "Haynes Industries, HI Insulation Investment", the named insureds, is evidence that Haynes Investments, LLC was really an intended insured. While I do not find that this argument is illogical, there is no evidence allowing me to make such a finding. As previously stated, the only way to accomplish this correction is through reformation and by proving there was a mutual mistake. Plaintiffs lack standing and have no evidence regarding the insurer and insureds intent to insure Haynes Investments, LLC.

Motion for Leave to Amend

Finally, plaintiffs seek to file a Sixth Amending Complaint in order to add Haynes Investments, LLC as a defendant and allege that FFIC is its insurer. Plaintiffs motion for leave to file a sixth amending complaint is denied to the extent it seeks to obtain coverage under the FFIC 2004-2005 policy. As stated over and over again: Haynes Investments, LLC is not a named insured under the 2004-2005 policy; the only way Haynes Investments, LLC may become an insured is if the policy is reformed; and, plaintiffs lack standing to reform the policy. Furthermore, while Haynes Investments, LLC was an insured under the 2003-2004 FFIC policy,

4

that policy does not apply to this case in that is an occurrence policy and the fire occurred outside of the policy period (April, 2005). Thus, coverage will not be triggered by adding Haynes Investments, LLC.

To the extent plaintiffs seek to name Haynes Investments, LLC as a defendant to hold it personally liable for damages plaintiffs sustained as a result of the fire, the motion is granted.

In light of the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration and/or new trial (Doc. 223) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to file a sixth amending complaint (Doc. 222) is **GRANTED IN PART** as set forth above.

THUS DONE AND SIGNED at Alexandria, Louisiana this 28th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE