RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ___9_/_28_/_12___
        9 D B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


AMERICAN INTERNATIONAL SPECIALTY
        LINES, et al.                    CIVIL CASE NO. 1:06-00600

VERSUS
                                    MAGISTRATE JUDGE JAMES D. KIRK

GEORGE BLAKEMORE, et al.


MEMORANDUM RULING

Before the court are two motions for summary judgment.  The
first is filed on behalf of Haynes Industries, LLC d/b/a HI
Insulation and Lee Haynes, Jr. d/b/a HI Insulation[1] (Doc. 145) and
the second is filed on behalf of HI Insulation, LLC d/b/a HI
Insulation and Lee Haynes, Sr. d/b/a HI Insulation (Doc. 160).[2]
Plaintiffs filed oppositions to both motions for summary judgment
(Doc. 162 and 163).  Defendants filed their replies (Docs. 168 and
183) and plaintiffs sought and were granted the opportunity to file
a supplemental memorandum in opposition to both motions (Doc. 189).

---

[1] Lee Allen Haynes is the name of both the father and son
who are alleged to own the company which performed the insulation
work at 400 Rifle Point Plantation.  There is no legal
distinction between the father's and the son's names; however,
for the sake of clarification, the father will be referred to as
"Lee Haynes, Sr." and the son will be referred to as "Lee Haynes,
Jr.".

[2] The motion was also filed on behalf of Leigh Jeanne
Haynes; however, all claims against Leigh Jeanne Haynes have
since been dismissed.

Facts

This case focuses on property damage which occurred as a result of a fire in April, 2005, at 400 Rifle Point Plantation near Ferriday, Louisiana ("the lodge").  The lodge is one of several structures located on a hunting and fishing ranch known as Rifle Point Plantation.  The land and structures are owned by SRM Properties, LLC which was established by Paul Meng for the sole purpose of acting as Rifle Point Plantation's owner.  Paul Meng's brother, Jim Meng, served as the contractor for the Rifle Point Plantation construction and Jan Hudnall served as the foreman.

In April, 2003, Jim Meng contacted HI Insulation[3] about performing the insulation work for the structures on Rifle Point Plantation.  Jim and Paul Meng determined foam insulation should be used as it was a superior product and would alleviate the issue of moisture in the basement.

In April, 2005, the lodge caught fire.  Though the fire was contained to the basement, significant smoke damage occurred throughout all three stories of the structure.  The owner, SRM Properties, LLC, presented a claim to its insurer, American

_____

[3]  It is important for the reader to know  Lee Haynes, Sr. formed an LLC named Haynes Investments, LLC in 1998.  In approximately 1999, HI Insulation was established as a d/b/a of Haynes Investments, LLC.  In August of 2003, Haynes Industries, LLC was established and owned by Lee Haynes, Sr. and Lee Haynes, Jr.  It was not until December of 2004, long after the work that is subject of this case was performed, that HI Insulation became an LLC.

International Specialty Lines ("AISL"), for damages, losses and other relief. A determination was made that the building, which had an estimated value of $1.5 million, was a total loss and AISL paid the claim pursuant to the policy it issued. Thereafter, AISL entered into an agreement with SRM Properties, LLC, Scenic Homes, Inc. and M&R Equipment Company, Inc. whereby the aforementioned entities fully and completely set over, transferred and assigned their claims, interests, privileges and rights for the prosecution and recovery of all damages, losses, costs, expenses and any other relief of any and every kind resulting from, in connection with or arising out of the fire to the plaintiffs.

On June 8, 2005, two months after the fire, AISL contacted Rimkus Consultation Group, Inc. about performing an inspection of the property to determine the cause of the fire. Ted Kaplon, P.E. was assigned the matter. On June 9, 2005, Mr. Kaplon drove to the lodge where he conducted an inspection, took pictures and made drawings.

On June 28, 2005, Mr. Kaplon issued a report in which he wrote, "[i]t is our opinion that the fire originated in the basement, at ceiling level, above the gas-fired water heater and was probably caused by the ignition of sprayed polyurethane foam insulation by the normally operating water heater flue pipe. Further investigation is required to identify the specific installation requirements and fire safety requirement of this

3

polyurethane foam."

Sometime thereafter, the lodge was demolished and rebuilt. Neither the foam insulation nor the water heater were retained. Thus, defendants were unable to inspect either the lodge itself or any of the materials at issue.

On April 9, 2006, plaintiffs filed this suit against various defendants who performed work at the lodge and who plaintiffs alleged caused the fire via defects in construction. The named defendants who remain in the case today are: 1) HI Insulation, LLC d, 2) Lee Haynes, Jr. d/b/a HI Insulation, 3) Haynes Industries, LLC d/b/a HI Insulation, 4) Lee Haynes, Sr. d/b/a HI Insulation, 5) First Financial Insurance Company ("FFIC")[4] and 6) Haynes Investments, LLC.[5]

### The Law of Summary Judgment

As the Fifth Circuit Court of Appeals explained in Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011):

> A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see Celotex Corp v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

[4] The undersigned entered judgment dismissing all claims against FFIC on April 28, 2011. Plaintiffs appealed to the Fifth Circuit who reversed and remanded the matter on April 2, 2012.

[5] Though Haynes Investments, LLC was named as a defendant in April, 2011 and a summons was issued May, 2011, there is no evidence that Haynes Investments, LLC was ever served.

> Effective December 1, 2010, Rule 56 has been amended, and
> the summary judgment standard is now reflected in Rule
> 56(a). The amended rule contains no substantive change to
> the standard. An issue as to a material fact is genuine
> if the evidence is such that a reasonable jury could
> return a verdict for the nonmoving party. Anderson v.
> Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505,
> 91 L.Ed.2d 202 (1986). [W]e consider all evidence in the
> light most favorable to the party resisting the motion.
> Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th
> Cir.1983).

(Quotations and internal footnote references omitted.)

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid

Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt
Company, 361 F.3d 862 (5th Cir. 2004). This burden is not satisfied
with "some metaphysical doubt as to the material facts," by
"conclusory allegations," by "unsubstantiated assertions," or by
only a "scintilla" of evidence. Little, 37 F.3d at 1075.

All evidence must be considered, but the court does not make
credibility determinations.  If the movant fails to meet its
initial burden, summary judgment should be denied. Id.

Discussion

Causation

Defendants contend that plaintiffs cannot carry their burden
of proving HI Insulation's conduct caused the fire. Specifically,
they note the expert report relied upon by plaintiffs is
speculative and inconclusive and the physical evidence from the
lodge no longer exists.  Plaintiffs contend their expert will be
able to testify and the pictures of the fire scene will show that
the only possible source of the fire was the insulation.

In a separate ruling and order, dated today, the undersigned
excluded the report and testimony of plaintiffs' expert witness,
Ted Kaplon, P.E., as evidence.  As is set forth in more detail in
the ruling, Mr. Kaplon's opinions are based upon assumptions and
contain conclusions which cannot be verified.  Thus, the report and
any testimony regarding the opinions stated therein are unreliable.

The only other evidence known to exist are photographs of the

The only other evidence known to exist are photographs of the scene of the fire as the physical evidence from the fire no longer exists and plaintiffs' own subrogors testified they believe the cause of the fire to be electrical in nature. Plaintiffs contend these photos are sufficient as they show there is only one cause of the fire. The reality is the photographs were taken months after the fire occurred and, at most, show where the fire started. They alone do not evidence what caused the fire to start. As, plaintiffs have offered no evidence to carry their burden of proof at trial, summary judgment shall be granted as to this claim.

Duty

Defendants further argue that they did not owe a duty to install a thermal barrier over the foam insulation; therefore, smoke damage is not attributable to them. Specifically, they contend that once the Mengs accepted the proposal for work, which did not include installation of a thermal barrier but advised such a barrier needed to be installed, defendants no longer owed a duty. Plaintiffs counter by stating the Mengs testified they were not familiar with foam insulation as they had never used it in any prior construction projects and they were never provided product information. Thus, they did not know a thermal barrier was needed.

Lee Haynes, Jr. stated in his November 12, 2007 deposition that HI Insulation was not in the business of installing thermal barriers and the decision regarding whether a thermal barrier was

placed belonged to the general contractor (Doc. 145-5, p.52). Additionally, he stated that while he did not speak to the Mengs about installing a thermal barrier, he assumed Andre' Frilot, the sales representative, did so (Doc. 163-5, p.9). This was confirmed by the Proposal/Invoice from Andre' Frilot to M&R Equipment, plaintiffs' subrogor. Under "ITEM DESCRIPTION" Andre' Frilot set forth where the insulation would be installed (Doc 163-5, p. 16-17). Below, he noted items which the contractor needed to perform. Among them was the entry: "[a]ll walls that are to be sprayed must be sheet rocked: (Interior soundproofing -- garage wall backing up to house, etc.)."[6]

Plaintiffs attempt to create a genuine issue of material fact by citing to deposition testimony of the Mengs, Lee Haynes, Jr. and the defendants' expert witness. However, none of these statements creates a genuine issue as to the defendants' negligence. Whether the Mengs were familiar with the foam insulation or received literature regarding the product used, it was their duty to install the thermal barrier once they accepted the job as proposed and accepted the work as performed. Lee Haynes, Jr's statement that he did not recommend the thermal barrier and acknowledgment that one was not installed are of no consequence because the barrier was recommended by his agent, Andre' Frilot and the duty to install the

---

[6] The parties do not dispute the fact sheet rock was an acceptable thermal barrier.

witness' testimony that they at least owed a duty to recommend the thermal barrier is of no concern as HI Insulation advised sheet rock "must" be installed over all walls which were sprayed.

HI Insulation did not owe a duty to install thermal barrier, thus, there is no viable cause of action to recover for spoke damage.

<u>Immunity, Spoliation, Timing of Installation</u>

As all causes of action asserted against Haynes Industries, LLC d/b/a HI Insulation, Lee Haynes, Jr. d/b/a HI Insulation, HI Insulation, LLC d/b/a HI Insulation and Lee Haynes, Sr. d/b/a HI Insulation have been disposed of, the remaining issues raised in the motions for summary judgment need not be addressed.

<u>Conclusion</u>

In light of the foregoing:

**IT IS HEREBY ORDERED** that the defendants' motions for summary judgment (Doc. 145 and 160) are **GRANTED** and all claims against Haynes Industries, LLC d/b/a HI Insulation, Lee Haynes, Jr. d/b/a HI Insulation, HI Insulation, LLC d/b/a HI Insulation and Lee Haynes, Sr. d/b/a HI Insulation are **DISMISSED WITH PREJUDICE.**

THUS DONE AND SIGNED at Alexandria, Louisiana this ____ day of September, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9