RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  8 / 21 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AMERICAN INTERNATIONAL
    SPECIALTY LINES                    CIVIL ACTION NO.1:06-cv-00060

VERSUS
                                       MAGISTRATE JUDGE JAMES D. KIRK

GEORGE BLAKEMORE, ET AL.


                    R U L I N G

     Before the undersigned are three motions: First Financial
Insurance Company's (FFIC) motion for summary judgment (Doc. 258);
plaintiffs' motion for default judgment (Doc. 260); and a motion
for summary judgment filed by FFIC on behalf of Haynes Investments,
LLC (Doc. 261).

                Procedural Background[1]

     On March 3, 2011, I issued a ruling and judgment granting
FFIC's motion for summary judgment upon finding that the defendants
were not insureds under the applicable policy.  The applicable
policy was issued to two entities which never existed, Haynes
Industries and HI Insulation Investments, for the policy period May
2004 to May 2005.  While I acknowledged it was unlikely anyone
would seek to insure nonexistent entities, there was no evidence
regarding the intent of the parties to the contract and plaintiffs

─────────────

     [1]  A detailed recitation of the facts is set forth in the
Ruling and Judgment dated March 3, 2011 (Doc. 220) in the section
entitled "Factual Background". Those facts are adopted herein by
reference.

lacked standing to pursue reformation of the policy as they were not parties to the contract.

On March 23, 2011, plaintiffs filed a motion for leave to file a sixth amending complaint to add Haynes Investments, LLC d/b/a HI Insulation, a motion for reconsideration or new trial and a motion for a certificate of appealability. Plaintiffs were afforded leave to amend and, in light of the fact the motion for reconsideration was denied, plaintiffs were granted a certificate of appealability.

Plaintiffs appealed the ruling to the Fifth Circuit Court of Appeals which found the submission of a brief by Lee Haynes, Sr. d/b/a HI Insulation at the appellate level asserting an argument in favor of reformation was sufficient to create a genuine issue of material fact and afford the opportunity to reform the policy. Accordingly, the Court reversed and remanded the matter for a hearing to determine whether the policy should be reformed.

An evidentiary hearing was set but was continued without date at the request of the parties as no one knew where to find the Haynes and their testimony was required if the policy was to be reformed.

In the interim, I took up FFIC's motion in limine/Daubert motion in which it sought to exclude the report and testimony of the plaintiff's expert, Ted Kaplon, P.E.  A ruling and judgment granting the motion in part and denying it in part was issued on September 28, 2012 (Docs 245 and 246).  In light of this ruling, I

found, as argued by Haynes Industries, LLC d/b/a/ HI Insulation, Lee Haynes, Jr. d/b/a HI Insulation, HI Insulation, LLC d/b/a HI Insulation and Lee Haynes, Sr. d/b/a HI Insulation in their motions for summary judgment, that without the expert report or testimony of Mr. Kaplon, plaintiffs could not carry their burden of proving HI insulation's conduct caused the fire (Doc. 247).  Additionally, I found that the pictures which plaintiffs contend would show the only possible cause of the fire was the insulation would, at most, show where the fire started, not how it started.  Finally, I found that HI Insulation did not owe a duty to install a thermal barrier over the foam insulation; therefore, it was not responsible for the smoke damage.  Accordingly, I dismissed all claims against the aforementioned defendants.

On the same date, September 28, 2012, the Clerk of Court issued a notice to plaintiffs that Haynes Investments, LLC d/b/a HI Insulation would be dismissed for failure to effect service on it (Doc. 251).  Plaintiffs sought and were granted additional time to effect service and service was effected October 14, 2012.  However, no one ever appeared on behalf of Haynes Investments, LLC d/b/a HI Insulation.  Accordingly, per the plaintiffs' request, the Clerk of Court issued a notice of entry of default on February 21, 2013 (Doc. 257).

On July 26, 2013, I held a hearing to address several issues raised in the parties' motions.  Among the issues to be addressed

were whether plaintiffs intend to pursue reformation of the May
2004 to May 2005 policy to name Haynes Investments, LLC d/b/a HI
Insulation as an insured; why they had not filed a memorandum in
support of their motion for default judgment; and, whether they
could establish a prima facie case to support entry of the default
judgment.  Counsel for plaintiffs and FFIC attended the hearing but
no one appeared on behalf of Haynes Investments, LLC.  No witnesses
were called to testify and no evidence was offered.

### Motion for Default Judgment

Plaintiffs filed a motion for entry of a default judgment
against Haynes Investments, LLC; however, no memorandum in support
accompanied the filing.  The only argument asserted by plaintiffs
in favor of a default judgment was asserted in their reply brief
and during the hearing.  The argument was that the factual
allegations of the complaint were deemed to be true once the Clerk
of Court entered the default.  Accordingly, plaintiffs claim they
established their case and were entitled to judgment.

"The Fifth Circuit held a 'party is not entitled to a default
judgment as a matter of right, even where the defendant is
technically in default.'  In fact, [d]efault judgments are a
drastic remedy, not favored by the Federal Rules and resorted to by
courts only in extreme situations."  Lewis v. Lynn, 236 F.3d 766,
767 (5th Cir. 2001)(Internal citations omitted).  Though the entry
of a default does lead to the courts deeming the allegation of the

4

complaint as true, the allegations must be well plead and not mere legal conclusions.  <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).  Further, there "must be a sufficient basis in the pleadings for the judgment entered."  <u>Id.</u>

The allegations relied upon by plaintiffs' are found in their sixth amending complaint.[2]

> Haynes, Jr. d/b/a HI Insulation, Haynes, Sr. d/b/a HI Insulation, Haynes Industries d/b/a HI Insulation and/or Haynes Investments, LLC d/b/a HI Insulation performed certain work and services and furnished certain materials on the premises known as 400 Rifle Point Plantation, located in or near Ferriday, Concordia Parish, Louisiana, pursuant to certain contract and agreements.

> –

> On or about April 10, 2005, a fire occurred involving the building and contents located on or about the premises known as 400 Rifle Point Plantation.

> –

> The fire was caused by defects in the construction of the building and by the Defendants' acts, breach of contract, breach of duty, conduct, fault, negligence and omissions.

> –

> The occurrence of the fire and the damages resulting therefrom are due to the breach of contract, breach of duty, breach of warranty, fault or improper workmanship, want of care and other wrongful acts, fault, negligence and/or omissions, as well as other fault, acts, conduct and omissions by Haynes, Jr. d/b/a HI Insulation, Haynes, Sr. d/b/a HI Insulation, Haynes Industries d/b/a HI Insulation and/or Haynes Investments, LLC d/b/a HI Insulation, their employees, subcontractors,

---

[2]  The first allegation was not relied upon by the plaintiffs but was included as it set forth facts essential to the case.

representatives and agents for which they [sic].

—

> The occurrence of the fire and the damages resulting
> therefrom are due to the breach of contact, breach of
> duty, breach of warranty, faulty or improper workmanship,
> want of care and other wrongful acts, fault, negligence
> and or omissions, as well as other fault, acts, conduct
> and omissions for which Haynes, Jr. d/b/a HI Insulation,
> Haynes, Sr. d/b/a HI Insulation, Haynes Industries d/b/a
> HI Insulation and/or Haynes Investments, LLC d/b/a HI
> Insulation are responsible and liable.

Only the first two allegations contain facts.  The remaining three
state legal conclusions.  Though legal conclusions may state a
claim for relief, the pleading must also contain a sufficient basis
for the relief sought.

In the instant case, plaintiffs fail to assert  actual
allegations that establish the elements of their asserted claims:
breach of contract, breach of duty, breach of warranty, faulty or
improper workmanship or want of care.  No facts are asserted as to
what construction defects existed, what acts defendant(s) allegedly
undertook, what contract existed, how the contract was breached,
who owed a duty, what the duty was, how that duty was breached,
what caused the fire, what substandard conduct was undertaken or
how the defendants were at fault, acted negligently or failed to
act.

Plaintiffs' complaint does not set forth facts which establish
either substantive causes of action or the bases for the relief
sought.  Accordingly, plaintiffs' motion for the entry of a default

judgment is denied.

<u>Motions for Summary Judgment</u>

FFIC filed two motions for summary judgment.  One seeks the dismissal of all claims against it and the other seeks dismissal of all claims against Haynes Investments, LLC.

FFIC contends it should be dismissed as all of the defendants who it potentially insured under the May 2004 to May 2005 policy have been dismissed.  FFIC further contends that Haynes Investments, LLC is not an insured under the May 2004 to May 2005 policy and even if it was, all claims against it should be dismissed in light of the ruling that plaintiffs cannot establish what caused the fire, much less that Haynes Investments, LLC was liable.

Plaintiffs concede they have no way of reforming the contract as Lee Haynes, Sr. failed to make an appearance, seek reformation or indicate a willingness to participate in that process after filing his appellate brief with the Fifth Circuit Court of Appeals. Without the testimony of either Lee Haynes, Sr. or Lee Haynes, Jr. (who has not made an appearance in this case since January 2011) the May 2004 to May 2005 policy cannot be reformed.  Accordingly, FFIC does not owe Haynes Investments, LLC coverage or a duty to defend and, therefore cannot be held liable for plaintiffs' losses.

Plaintiffs assert two arguments against a grant of summary judgment as to Haynes Investments, LLC.  The first is that FFIC is

prohibited from filing a motion on behalf of Haynes Investments, LLC as it is "a party [FFIC] does not insure and its counsel does not represent".   This contention is puzzling considering plaintiffs' own sixth amending complaint asserts that Haynes Investments, LLC is an insured of FFIC.  Though I found it is not an insured under the applicable policy due to the fact the policy cannot be reformed, Haynes Investments, LLC is still an insured under a prior FFIC policy.  Accordingly, FFIC may, "out of an abundance of caution", defend its insured and address any coverage issues later.

The second argument asserted by plaintiffs is Haynes Investments, LLC, as a defendant in default, is not entitled to the benefit of defenses raised by non-defaulting defendants.  In Lewis v. Lynn, 236 F.3d 766(5th Cir. 2001), the Fifth Circuit found a defaulting defendant could "benefit from the appearing defendants' favorable summary judgment motion."  Id. at 768.  In support, they cited several courts which "held that where 'a defending party establishes that the plaintiff has no cause of action . . . this defense generally insures also to the benefit of a defaulting defendant." Id. quoting United States v. Peerless Ins. Co., 374 F.2d 942, 945 (4th Cir. 1967)(citations omitted); citing Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984), Davis v. National Mortgagee Corp., 349 F.2d 175, 178 (2nd Cir. 1965), Bastien v. R. Rowland & Co., 631 F.Supp. 1554,

1561 (E.D.Mo. 1986).

In light of the foregoing, Haynes Investments, LLC is entitled to the defenses raised by the defending parties.  Accordingly, it may seek and shall be granted dismissal from the lawsuit due to plaintiffs inability to establish what caused the fire.

Conclusion

In light of the foregoing:

**IT IS HEREBY ORDERED** that First Financial Insurance Company's (FFIC) motion for summary judgment (Doc. 258) is hereby **GRANTED** and all claims against FFIC are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment (Doc. 260) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that FFIC's motion for summary judgment filed on behalf of Haynes Investments, LLC (Doc. 261) is hereby **GRANTED** and all claims against Haynes Investments, LLC are **DISMISSED WITH PREJUDICE.**

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of August, 2013.

JAMES D. KIRK<br>
UNITED STATES MAGISTRATE JUDGE